**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

UNITED STATES OF AMERICA

v.                                                          NO. 2:05mj287

OMAR ANTONIO PETTER,

     Defendant.

**ORDER**

In accordance with Rule 5.1 of the Federal Rules of Criminal Procedure and the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a preliminary and detention hearing on August 10, 2005. For the reasons set forth below, the Court FINDS that there is probable cause to believe that the defendant committed the charged offense and that his detention is warranted.

On August 3, 2005, the defendant was charged by criminal complaint with knowingly and willfully making a materially false, fictitious, and fraudulent statement and representation regarding his identity, in violation of 18 U.S.C. § 1001(a)(2).

To support a finding of probable cause, the Government offered the affidavit of Special Agent Eric R. Jones of the Department of Homeland Security, United States Immigration and Customs Enforcement (ICE) and counsel for the defendant stipulated that, if called to the witness stand, Special Agent Jones would testify to the facts contained in the affidavit supporting the criminal complaint. In addition, the Government offered testimony

of Special Agent Peter Joseph of the Bureau of Immigration and Customs Enforcement (BICE) concerning the nature and circumstances of the offense and defendant's counsel cross-examined him.

The Court, having taken into consideration the affidavit of Special Agent Jones and the testimony of Special Agent Joseph, FINDS probable cause to believe that the defendant committed the charged offense.  The Court further FINDS by a preponderance of the evidence that he represents a risk of flight and that there exists no condition or combination of conditions that will reasonably assure the defendant's appearance at future proceedings.

The Court considered the nature and seriousness of the charge against the defendant.  The defendant stands accused of a felony offense and faces a maximum term of imprisonment of five years and a $250,000 fine if convicted upon evidence beyond a reasonable doubt.  The defendant is also subject to a detainer filed by BICE.

The Court notes that the defendant was represented by counsel and did not offer any evidence at the hearing.  However, the Court considered the information contained in the Pretrial Services Report which confirmed that defendant is a citizen of Panama and has extensive family ties in that country.  Defendant has no substantial employment history and has no monthly income or assets.

The Court considers the defendant to be a risk of flight because the weight of the evidence against him, while somewhat tenuous, is sufficient to create the risk that defendant may face a period of incarceration upon conviction, thus creating an

incentive for him to flee if released.  The defendant has strong ties to Panama and has returned there on two occasions since he arrived in the United States in 1993.

Also, if defendant is released on terms and conditions, he faces possible deportation pursuant to the BICE detainer that has been filed against him on account of his immigration status.

In view of the facts set forth above, the Court FINDS by a preponderance of the evidence that the defendant represents a risk of flight and that there exists no condition or combination of conditions that will reasonably assure the defendant's appearance at future proceedings.  Accordingly, the Court FINDS that the defendant should be detained pending trial.  The Court therefore ORDERS the defendant DETAINED pending trial.  See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge

of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for the defendant. ENTERED this 10th day of August, 2005.

```
                              _____/s/_____
                              F. Bradford Stillman
                              United States Magistrate Judge
```